## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| HALVERSON WOOD PRODUCTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CLASSIFIED SYSTEMS LLC d/b/a<br>HAMMERHEAD ATTACHMENTS,<br><br>Defendant. | Civil No. 20-801 (JRT/LIB)<br><br><br><br>**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Dustin R. DuFault, **DUFAULT LAW FIRM PC,** PO Box 1219, Minnetonka, MN 55345, for Plaintiff.

Joseph A. Uradnik, **URADNIK LAW FIRM PC,** PO Box 525, Grand Rapids, MN 55744; R. William Beard, Jr., **SLAYDEN GRUBERT BEARD PLLC,** Congress Avenue, Suite 1650, Austin, TX 78701, for Defendant.

Plaintiff Halverson Wood Products ("Halverson") and Defendant Classified Systems ("Classified") both manufacture and sell attachments for skid steer loaders. Halverson alleges that Classified's wood-processing skid-steer attachment infringes Halverson's patented attachment. Classified filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Halverson has not stated a plausible claim for patent infringement. Because the Complaint sufficiently alleges that Classified's attachment infringes every element of Halverson's patent, Halverson has stated a facially plausible claim. Accordingly, the Court will deny Classified's Motion to Dismiss.

**BACKGROUND**

**I.   THE PATENT**

Halverson is a Minnesota corporation that manufactures and sells a skid steer loader attachment that cuts and splits logs. (Compl. ¶ 1, Mar. 25, 2020, Docket No. 1.) Halverson is the owner by assignment of U.S. Patent No. 7,669,618 ("the '618 Patent"), entitled "Wood Processor Attachment for Skid Steer Loader." (*Id*. ¶¶ 10–11.) The '618 Patent, issued on March 2, 2010, relates to a skid steer attachment for "efficiently cutting and splitting logs." (*Id.* ¶ 10, Ex. A ("Patent") at 2, Mar. 25, 2020, Docket No 1-1.) The attachment is designed to process logs into usable firewood. (Compl. ¶¶ 7–8.)

Claim 1 of the '618 Patent includes the following limitations:

1. A wood processor attachment for skid steer loader, comprising:
   a skid steer loader vehicle;
   a support structure rigidly mounted to said skid steer loader vehicle, wherein said support structure is adapted to be pivoted by said skid steer loader vehicle;
   wherein said support structure includes a receiving end, a working end and a loading apparatus, wherein said receiving end is opposite said working end and wherein said loading apparatus extends from said receiving end;
   wherein said loading apparatus is rigidly mounted to said support structure to pivot with said support structure about said skid steer loader vehicle via said skid steer loader vehicle;
   a conveyor unit including a conveying member, wherein said conveyor unit is attached to said support structure and wherein said conveying member travels between said receiving end and said working end; and

> a cutting unit attached to said support structure, wherein said cutting unit is adjacent to said working end.

(Patent at 13.)

## II.   ALLEGED PATENT INFRINGEMENT

Classified is a Minnesota limited liability company that also manufactures and sells attachments for skid steer loaders, including the Hammerhead SSP-180 Pro ("SSP-180"), a firewood processing attachment that is the "accused product" in this case. (Compl. ¶¶ 13–14.) Classified offers the accused product for sale through its website. (Compl. ¶ 15.)

On November 1, 2019, Halverson sent Classified a demand letter and copy of the '618 Patent, asserting that the SSP-180 infringes Claim 1 of the '618 Patent. (Compl. ¶14; Ex. B ("Demand Letter") at 3–4, Mar. 25, 2020, Docket No. 1-2.) The demand letter describes the Hammerhead SSP-180 as directly infringing the '618 Patent because:

> Consistent with [C]laim 1, the support structure has a receiving end for receiving a log and a working end for cutting and splitting the log. The Hammerhead SSP-180 also has a loading apparatus for placement of a log on the processor, a conveying member for movement of a log from the receiving end to the processing end for cutting and splitting, a cutting unit, all within the scope of the corresponding claim elements of Claim 1.
>
> The support structure of the Hammerhead SSP-180 is rigidly mounted to, and adapted to be pivoted by, a skid steer loader, and the loading apparatus of the Hammerhead SSP-180 is, in turn, rigidly affixed to the support structure, which allows the support structure and loading apparatus to pivot in unison from an upright position in which a log is processed . . . to a sloping position in which a log is received . . . . In that regard, Hammerhead SSP-180 meets the two remaining limitations of Claim 1, namely, that the

support structure be "rigidly mounted to said skid steer loader vehicle, wherein said support structure is adapted to be pivoted by said skid steer loader vehicle" and that the loading apparatus be "rigidly mounted to said support structure to pivot with said support structure about said skid steer loader vehicle via said skid steer loader vehicle."

(Demand Letter at 3–4 (cleaned up).) The demand letter included numbered and labeled figures of the Hammerhead SSP-180 illustrating the allegations. (*Id.*)

Halverson also accused Classified of actively inducing others to infringe the '618 Patent. The demand letter asserted that "the use of your Hammerhead SSP-180 by your customers, or the sale or offer for sale of these infringing machines by any of your dealers also constitutes infringement by them." (*Id.* at 4.) The letter then demanded that Classified "[i]mmediately discontinue the manufacture, sale, use and/or importing of the Hammerhead SSP-180." (*Id*. at 5.)

### III.   PROCEDURAL HISTORY

Halverson filed a Complaint on March 25, 2020, alleging two counts: (I) Infringement of U.S. Patent No. 7,669,618 under 35 U.S.C. § 271(a); and (II) Active Inducement of Infringement of U.S. Patent No. 7,669,618 under 35 U.S.C. § 271(b). (Compl. ¶¶ 19–30.) On May 18, 2020, Classified filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. Dismiss, May 18, 2020, Docket No. 8.)

**DISCUSSION**

**I.     STANDARD OF REVIEW**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the Court accepts the complaint's factual allegations as true and construes the complaint in a light most favorable to the plaintiff, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In other words, a complaint "does not need detailed factual allegations" but must include more "than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## II. DIRECT INFRINGEMENT

Direct patent infringement occurs when a party "without authority makes, uses, offers to sell, or sells any patented invention, within the United States." 35 U.S.C. § 271(a). "An infringement analysis entails two steps. The first step is determining the meaning and scope of the patent claims asserted to be infringed. The second step is comparing the properly construed claims to the device accused of infringing." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (citations omitted). Ultimately, to establish direct infringement, every limitation set forth in a claim must be found in an accused product. *Duncan Parking Techs., Inc. v. IPS Group, Inc.,* 914 F.3d 1347, 1360 (Fed. Cir. 2019) (quotation omitted).

At the pleading stage, a complaint for patent infringement must provide fair notice to a defendant of how its product allegedly infringes the patent at issue. *See K-Tech Telecomms., Inc. v. Time Warner Cable, Inc*., 714 F.3d 1277, 1284 (Fed. Cir. 2013). A complaint must also plausibly assert direct infringement by specifically identifying the allegedly infringing product and how the product includes each limitation of a patent claim. *See Disc Disease Sols. Inc. v. VGH Sols., Inc.,* 888 F.3d 1256, 1260 (Fed. Cir. 2018).

Halverson's Complaint provides fair notice to Classified as to how the SSP-180 allegedly infringes the '618 Patent. The demand letter includes a detailed recitation of the Claim 1 limitations and detailed allegations showing which parts of the SSP-180 correspond to, and therefore allegedly infringe, the limitations of Claim 1 of the '618

Patent. The demand letter also includes labeled images of the SSP-180 to illustrate the allegedly infringing parts. The contents of Halverson's Complaint and demand letter therefore easily meet the requirements for fair notice. As to plausibility, Halverson specifically identified the allegedly infringing product and described how its components infringe each limitation of Claim 1. The Complaint therefore states a plausible allegation for direct patent infringement on its face.

Classified argues that Halverson cannot state a plausible claim for patent infringement because, based on the plain meaning of the limitations in Claim 1, Halverson misidentified what is actually an "upper support structure" as the "rigidly mounted loading apparatus." According to Classified, the SSP-180 does not have a rigidly mounted loading apparatus, but rather a grapple that swings freely from the upper support structure. Alternatively, Classified avers that, if the Court relies on Halverson's labeling of the loading apparatus, Halverson still cannot state a claim that the SSP-180 infringes the "conveying member" limitation of the '618 Patent because the conveyor unit would be attached to the loading apparatus rather than the support structure, as required by Claim 1.

Classified's arguments ask the Court to venture into claim construction at the motion to dismiss stage, but Classified's disputed interpretation of the limitations in Claim 1 of the '618 Patent cannot be considered until a *Markman* hearing on claim construction. *See, e.g.*, *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (refusing to

consider *Markman*-style arguments at the motion to dismiss stage). Classified says it is merely asking the Court to apply the "plain meaning" of the patent limitations, but assessing the plain meaning of patent terms is claim construction. *See, e.g.*, *Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336, 1342 (Fed. Cir. 2001) (explaining that ascertaining the plain meaning of a claim term is the first step of claim construction). Even if Classified persuasively suggests that it will be able to trap Halverson in a catch-22 through alternative claim construction based on the plain meaning of the '618 Patent limitations, the merits of that argument are not within the Court's purview at this stage.

As such, the Court will deny Classified's Motion to Dismiss as to the direct infringement claim because Halverson has sufficiently stated a claim by identifying corresponding SSP-180 parts that allegedly infringe each of the limitations in Claim 1 of the '618 Patent.

### III.   ACTIVE INDUCEMENT OF INFRINGEMENT

Halverson also alleges that Classified is impermissibly inducing patent infringement by offering the SSP-180 for sale on its website. Under 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." A plausible claim for active inducement of infringement must "contain facts showing that [a defendant] specifically intended [its] customers to infringe [the patent] . . . and knew that the customer[s'] acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).

Halverson alleges that Classified advertised the accused product for sale through its website and that Classified continued to do so after receiving the demand letter in November 2019.  These allegations plausibly assert that Classified specifically intended its customers to order the SSP-118 and thereby infringe the '618 Patent.  Because the demand letter informed Classified of this alleged active inducement of infringement, Halverson likewise meets the pleading standard for the knowledge requirement.  Accordingly, the Court will deny the Motion to Dismiss as to the claim for active inducement of infringement.[1]

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [Docket No. 8] is **DENIED**.

DATED:  October 7, 2020  
at Minneapolis, Minnesota.

                                                        JOHN R. TUNHEIM  
                                                          Chief Judge  
                                          United States District Court

---

[1] When reaching the merits of a claim for active inducement of infringement, "there can be no inducement or contributory infringement without an underlying act of direct infringement." *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004) (citation omitted). In other words, Halverson's induced infringement claim will fail at a later stage in the proceedings if Classified establishes, through claim construction, that direct infringement is impossible.  At this stage, however, the Complaint facially supports the inference that Classified intentionally and knowingly induced its customers to infringe the '618 patent by purchasing the SSP-180.