## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

HALVERSON WOOD PRODUCTS, INC.,

                    Plaintiff,

v.

CLASSIFIED SYSTEMS LLC, d/b/a/
Hammerhead Attachments,

                    Respondent.

Civil No. 20-801 (JRT/LIB)

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT
WITHOUT PREJUDICE**

---

Dustin R. DuFault, **DUFAULT LAW FIRM PC,** PO Box 1216, Minnetonka, MN 55345, for plaintiff.

Joseph A. Uradnik, **URADNIK LAW FIRM PC,** PO Box 525, Grand Rapids, MN 55744; and R. William Beard, Jr., **SLAYDEN GRUBERT BEARD PLLC,** 401 Congress Avenue, Suite 1650, Austin, TX 78701, for defendant.

Defendant Classified Systems LLC ("Classified") has filed a Motion for Summary Judgment arguing that its product does not infringe the patent owned by Plaintiff Halverson Wood Products ("Halverson") as a matter of law. Because Classified moved for judgment of noninfringement before the parties conducted adequate discovery and before the Court construed the relevant patent claims, thus asking the Court to impermissibly bypass claim construction, the Court will deny the Motion as premature without prejudice. The Court will also deny Classified's Motion for Rule 11 Sanctions as premature without prejudice.

## BACKGROUND

Halverson is the owner by assignment of U.S. Patent No. 7,669,618 ("the '618 Patent"), for a wood processor attachment for a skid steer loader that cuts and splits logs into firewood. (Decl. R. William Beard, Jr. ("Beard Decl.") ¶ 3, Ex. A. at 1:21–24, Feb. 9, 2021, Docket No. 34-1.) Classified produces a firewood processing skid steer attachment called the Hammerhead SSP-180 ("SSP-180" or "Accused Product"). (Decl. Kelly Olsen ¶ 3, Ex. F, Feb. 9, 2021, Docket No. 34-6.) Halverson initiated a patent infringement action alleging that the SSP-180 infringes at least one limitation of the '618 Patent by filing a Complaint in this Court on March 25, 2020, asserting two counts: (I) Infringement of U.S. Patent No. 7,669,618 under 35 U.S.C. § 271(a); and (II) Active Inducement of Infringement of U.S. Patent No. 7,669,618 under 35 U.S.C. § 271(b).[1] (Compl. ¶¶ 19–30, Mar. 25, 2020, Docket No. 1.)

On May 18, 2020, Defendant filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. Dismiss, May 18, 2020, Docket No. 8.) The Court denied the motion to dismiss, finding that the Complaint sufficiently alleged that the Accused Product infringes every limitation of the asserted claims in the '618 Patent and that Classified's dismissal arguments turned on claim construction,

---

[1] The Court summarized the '618 Patent and Halverson's infringement contentions in greater detail in its prior order denying Classified's Motion to Dismiss. *See Halverson Wood Prods. Inc. v. Classified Sys. LLC*, No. 20-801, 2020 WL 5947423, at *1–2 (D. Minn. Oct. 7, 2020).

which the Court would not reach at the motion to dismiss stage. *Halverson Wood Prods. Inc. v. Classified Sys. LLC*, No. 20-801, 2020 WL 5947423, at *3 (D. Minn. Oct. 7, 2020). Classified then filed an answer and counterclaims against Halverson on October 20, 2020. (Answer & Countercls., Oct. 20, 2020, Docket No. 25.)

The Court then issued a Pretrial Scheduling Order, which sets forth a timeline for discovery and non-dispositive and dispositive motions, including claim construction. (*See generally* Pretrial Scheduling Order, Dec. 14, 2020, Docket No. 32.) According to the Pretrial Scheduling Order, the parties were required to make initial disclosures by December 31, 2020 and complete fact discovery by July 15, 2021. (*Id.* at 3.)

As to claim construction, Halverson was to serve its claim chart by January 15, 2021, Classified to serve its claim chart by February 15, 2021, and the parties to exchange a list of claim terms and phrases they contend should be construed by the Court by March 8, 2021. (*Id.* at 4–5.) The Pretrial Scheduling Order instructs the parties to meet and confer by March 29, 2021, and then file a joint patent case report by April 12, 2021, addressing, among other things, whether the parties request a claim construction hearing. (*Id.*) The Pretrial Scheduling Order also indicates that the parties anticipate they will require expert witnesses, with expert discovery to be completed by October 1, 2021, or 60 days after the Court issues a claim construction order. (*Id.* at 8.)

As to motions, the Pretrial Scheduling Order provides that motions to join or amend be filed by March 1, 2021; other non-dispositive motions be filed by November 1,

2021, or three months after the Court issues a claim construction order; and dispositive motions be filed and served by January 1, 2022, or four months after the Court issues a claim construction order.  (*Id.* at 9–10.)  The Pretrial Scheduling Order also includes a standard footnote suggesting that "the parties should attempt to schedule dispositive motions after all discovery has been completed. . . . If the parties believe early or piecemeal dispositive motion practice is necessary, they should seek permission of the District Judge." (*Id.* at 9 n.1.)

Prior to the filing of the instant Motion, there had been limited progress on discovery.  Halverson served its Infringement Contentions on Classified, which explain Halverson's theory as to how the Accused Product infringes the '618 Patent.  (Beard Decl.¶ 6, Ex. D, Feb. 9, 2021, Docket No. 34-4.)  Halverson also served interrogatories and a first set of requests for production on Classified, but Classified did not respond prior to filing its Motion.  (*See* Decl. Dustin R. DuFault ("DuFault Decl.") ¶¶ 6–8, Exs. 5 & 6, Mar. 2, 2021, Docket Nos. 39-5 & 39-6.)

On February 9, 2021, Classified filed a Motion for Summary Judgment based on noninfringement.  (Mot. Summ. J., Feb. 9, 2021, Docket No. 34.)  On April 12, 2021, Classified filed a Motion for Sanctions under Rule 11, asserting that no reasonable and competent attorney would believe Halverson's Infringement Contentions.  (Mot. Rule 11 Sanctions, Apr. 12, 2021, Docket No. 42.)

Also on April 12, 2021, the parties filed a Joint Patent Case Status Report, including a joint claim construction table, as required by the Pretrial Scheduling Order.  (Joint Patent Case Status Report, Apr. 12, 2021, Docket No. 46.)  The report states that Halverson requests a claim construction hearing, while Classified believes claim construction can be decided through written submissions, but the parties agree that they do not request a pre-claim construction conference.  (*Id.* at 1.)  The report also indicates that the parties do not intend to call any witnesses, expert or otherwise, at a claim construction hearing, and that they do not believe a technology tutorial would be necessary.  (*Id.* at 2.)

Presently before the Court are Classified's Motion for Summary Judgment and Rule 11 Motion.

## DISCUSSION

### I.    MOTION FOR SUMMARY JUDGMENT

#### A.    Standard of Review

"Summary judgment is appropriate in a patent case, as in other cases, when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  *Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644, 646 (Fed. Cir. 1994).  A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A court considering a motion for summary judgment must view the facts in the light most

favorable to the nonmoving party and give that party the benefit of all reasonable inferences to be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party may not rest on mere allegations or denials but must show, through the presentation of admissible evidence, that specific facts exist creating a genuine issue for trial. *Anderson*, 477 U.S. at 256 (discussing Fed. R. Civ. P. 56(e)).

### B.    Analysis

To establish literal infringement, every limitation set forth in a patent claim must be found in an accused product. *Duncan Parking Techs., Inc. v. IPS Group, Inc.*, 914 F.3d 1347, 1360 (Fed Cir. 2019). A patent infringement analysis comprises a two-step process. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995). First, the court determines the meaning and scope of the patent claims asserted to be infringed, commonly known as "claim construction," *id.*, which is a question of law for the Court, *id.* at 979. Second, the court compares the construed claims to the device accused of infringing. *Id.* at 976.

Through the present Motion, Classified has essentially asked the Court to address both steps of the infringement analysis in one, rather than through separate claim construction briefing followed by dispositive motions as set forth in the Pretrial Scheduling Order. Indeed, Halverson argues that the present Motion for Summary Judgment is premature and should be denied because the Court has not yet construed

the claims of the '618 Patent, and Classified's arguments are based on unilateral, self-serving interpretations of the patent claims and limitations.

Although Classified presents its arguments as though the Court can address claim construction and application in one motion, Classified's arguments rely on Halverson's Infringement Contentions, not the proposed claim construction. However, the Infringement Contentions merely provide an overview of Halverson's theory of how the SSP-180 infringes the '618 Patent. Thus, Classified's arguments in its Motion for Summary Judgment dispute the Infringement Contentions rather than advocating a specific construction of the relevant '618 Patent claims, which has the effect of asking the Court to impermissibly skip claim construction. For example, rather than disputing Halverson's proposed construction of the "loading apparatus" limitation, Classified argues that the Infringement Contentions fail as a matter of law because they say that only "a portion of" the loading apparatus infringes but to prevail on its infringement claim, Halverson must show that all claims are found exactly, in full, in the accused product. In other words, Classified's Motion asks the Court to move directly to the second step of the infringement analysis by determining whether the claims are found in the Accused Product.

Halverson also argues that discovery must continue before the Court can properly construe the patent claims because Classified had not yet responded to interrogatories and document production requests related to the issue of who constitutes a "person of ordinary skill in the art" ("POSITA") for the '618 Patent. Determining the characteristics

of a POSITA is integral to claim construction because patent claims are construed based on the ordinary and customary meaning in light of the understanding of a POSITA. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312–13 (Fed. Cir. 2005).

Classified responds that the Court need not wait for discovery regarding a POSITA in this case because the ordinary meaning of the claim language is readily apparent and claim construction requires only the application of the meaning of commonly understood words. *See Phillips*, 415 F.3d at 1314. Classified asserts that Halverson did not identify a term that would require something more than the application of common meaning and did not identify evidence to be discovered to determine how POSITAs would understand the terms. Thus, according to Classified, Halverson did not raise a genuine issue of material fact.

To defer or deny without prejudice a motion for summary judgment based on insufficient discovery, the nonmoving party must show "by affidavit or declaration that . . . it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). "The general rule is that summary judgment is appropriate only after the nonmovant has had adequate time for discovery." *Jackson v. Riebold*, 815 F.3d 1114, 1121 (8th Cir. 2016) (quotation omitted). But "the party seeking additional discovery must demonstrate the following: (1) that [it] has set forth in affidavit form the specific facts that [it] hopes to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion." *Id.* (cleaned up).

The Court finds that Halverson has established that it did not have adequate time for discovery prior to Classified filing its Motion for Summary Judgment on the heels of Classified's unsuccessful motion to dismiss.  Halverson has identified, in a declaration, the additional discovery sought—responses to interrogatories regarding a POSITA for the '618 Patent, documents responsive to several requests for production,[2] and deposition testimony from Classified—which illustrates that very little discovery was completed prior to the Motion.  *See Baron Services, Inc. v. Media Weather Innovations LLC*, 717 F.3d 907, 912–13 (Fed. Cir. 2013) (finding that the district court abused its discretion by not deferring summary judgment where nonmoving party adequately explained how additional discovery was relevant); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Donaldson Co., Inc.*, No. 10-4948, 2012 WL 1072329, *11 (D. Minn. Mar. 30, 2012) (denying summary judgment without prejudice as premature because the parties had completed very little discovery and there were critical issues in dispute).  Further, the Court has yet to construe any of the claims at issue, and completing additional discovery may assist the Court in resolving critical claim construction issues.  *Cf. Multilayer Stretch Cling Film Holdings, Inc. v. Berry Plastics Corp.*, 831 F.3d 1350, 1356, 1365 (Fed. Cir. 2016) (finding that a district court did not abuse its discretion in addressing summary judgment when "all terms relevant to the instant motion had been construed").

---

[2] (*See* Dufault Decl. ¶ 7, Ex. 6 at 6–8, Mar. 2, 2021, Docket No. 39-6.)

In sum, the Court finds that Classified's Motion for Summary Judgment is premature.  Additional discovery regarding who would be considered a POSITA is warranted to provide the correct perspective from which to construe the patent claims. Moreover, the Motion is not based on proposed claim construction but only on Halverson's Infringement Contentions, and, because the contents and purpose of Infringement Contentions differ from proposed claim construction, the Court cannot properly assess the merits of the parties' positions without impermissibly circumventing claim construction.  Therefore, the Court denies the Motion without prejudice to allow the parties to continue discovery and proceed to claim construction briefing.

## II.     MOTION FOR SANCTIONS

Rule 11 requires that an attorney conduct a reasonable inquiry of the factual and legal basis for a claim before filing an action.  *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003).  The Court applies Eighth Circuit law to decide whether to impose Rule 11 sanctions in patent cases, but decisions from the Federal Circuit may provide important context. The Federal Circuit has construed the provisions of Rule 11 to require an attorney to analyze the structure of the allegedly infringing device and then compare the structure of the device to the properly interpreted claims.  *Antonious v. Spalding & Evenflo Cos., Inc.*, 275 F.3d 1066, 1073 (Fed. Cir. 2002).  Although the attorney may consult with his client regarding the accused device, the attorney "may not rely solely on the client's lay opinion that the accused device infringes the patent."  *Id.* at 1074.  Rule 11 sanctions prior to claim

construction should be denied when the arguments in the sanctions motion are claim construction disputes.  *See Red Rhino Leak Detection Inc. v. Anderson Mfg. Co.*, No. 18-3186, 2019 WL 4410324, at *3 (D. Minn. Sept. 16, 2019).

The Court finds that, like its Motion for Summary Judgment, Classified's Rule 11 Motion is premature and will deny it without prejudice and without reaching the merits. Since the Court has not yet performed claim construction, the Court cannot determine whether Halverson's proposed claim construction is unreasonable or whether its infringement contentions are unbelievable.  Although not the basis for denying the Rule 11 Motion, the Court also notes that Classified's Rule 11 Motion was filed without a meet-and-confer statement in violation of Local Rule 7.1(a), and instructs Classified to rectify this violation should it wish to refile a Rule 11 Motion at a later time.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [Docket No. 34] and Motion for Rule 11 Sanctions [Docket No. 42] are **DENIED without prejudice**.


DATED:  July 19, 2021
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court