UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HALVERSON WOOD PRODUCTS, INC.,<br><br>                Plaintiff,<br><br>    v.<br><br>CLASSIFIED SYSTEMS LLC d/b/a HAMMERHEAD ATTACHMENTS,<br><br>                Defendant. | C.A. No.  20-cv-00801-JRT-LIB<br><br>**DEFENDANT CLASSIFIED SYSTEMS LLC'S REPLY FOR MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT** |

Classified hereby replies to Halverson's response (Dkt. 057) to its motion for summary judgment of non-infringement. Dkt. 053. Classified timely filed this motion after completion of claim construction discovery and before the dispositive motion deadline. Assuming both the Grapple and the upper support structure correspond to the claimed "loading apparatus," Halverson cannot prove the "loading apparatus" "pivot[s] *with* said support structure *about* said skid steer loader vehicle *via* said skid steer loader vehicle," as required by the claims. Undisputed facts prove the Grapple does not function as claimed because it swings freely relative to the support structure. While the upper support structure alone arguably satisfies these functional claim requirements, all parts of the "loading apparatus" must perform the claimed functions to prove infringement. The Court should apply the readily apparent plain and ordinary meanings of "pivot *with* said support structure *about* said skid steer loader vehicle *via* said skid steer loader vehicle." Halverson's proposed constructions of "loading apparatus" and "rigidly mounted" do not impact or change the readily apparent plain and ordinary meanings of these functional terms. Further,

because Halverson's identification of the Grapple and upper support structure are assumed to correspond to the "loading apparatus," Halverson incorrectly asserts expert witness testimony is needed to identify the corresponding structures. Thus, the Court should grant Classified's motion for noninfringement.

I. **THE COURT DID NOT SCHEDULE A CLAIM CONSTRUCTION HEARING, SO DISPOSITIVE MOTIONS WERE DUE JANUARY 1, 2022**

Classified timely filed this motion after completion of claim construction discovery and before the dispositive motion deadline. The Pretrial Scheduling Order requires, "[a]ll dispositive motions . . . shall be served and filed by the moving party on or before **January 1, 2022**, or **four (4) months** after the Court issues the Claim Construction Order." Dkt. 032, pg. 9, ¶(j)(4). The parties completed claim construction discovery and filed a Joint Patent Case Status Report and Joint Claim Construction Statement, on April 12, 2021. Dkt. 046. The Pretrial Scheduling Order indicates the Court will only order claim construction briefing and conduct a claim construction hearing "***[i]f the Court schedules a claim construction hearing***." Dkt. 032, pg. 6, ¶(e)(6) (emphasis added). The Court has not scheduled a claim construction hearing, so all deadlines in the order based on a Claim Construction Order are obviously not effective. Classified timely filed this motion after completion of claim construction discovery and before the January 1, 2022 dispositive motion deadline.

II. **HALVERSON CANNOT PROVE INFRINGEMENT OF "PIVOT WITH SAID SUPPORT STRUCTURE ABOUT SAID SKID STEER LOADER VEHICLE VIA SAID SKID STEER LOADER VEHICLE"**

2

Halverson cannot prove its theory of infringement. Halverson alleges a dispute as to which structures of the Hammerhead SSP-180 correspond to the claimed "loading apparatus." Dkt. 057, pgs. 29-30. However, no issue exists because, for purposes of this motion, the Grapple / upper support structure combination identified by Halverson are assumed to correspond to the claimed "loading apparatus."



Dkt. 057, pg. 29. Halverson cannot prove the Grapple / upper support structure combination: (1) "pivot[s] *with* said support structure;" (2) "*about* said skid steer loader vehicle;" and (3) "*via* said skid steer loader vehicle." Dkt. 034-1, 8:52-54.

A. **The Grapple / Upper Support Structure Combination Does Not "Pivot *With* Said Support Structure."**

While the upper support structure (brown) may "pivot *with* said support structure," the undisputed facts prove the Grapple (black) does not.



3

Dkt. 057, pg. 29. The Grapple (black) pivots *about* the upper support structure (brown) and the support structure (grey). *Id.* As shown in the following pictures, the Grapple swings freely. Dkt. 034-6, pg. 0001.



Dkt. 54, pg. 14, SF 19. Thus, the undisputed facts prove the Grapple does not "pivot *with* said support structure."

    B. **The Grapple / Upper Support Structure Combination Does Not "Pivot . . . *About* Said Skid Steer Loader Vehicle."**

While the upper support structure (brown) may "pivot . . . *about* said skid steer loader vehicle," the undisputed facts prove the Grapple (black) does not.



Dkt. 057, pg. 29. The Grapple (black) is biased by gravity to pivot to a substantially vertical position, even when the upper support structure (brown) and the support structure (grey)

4

are tilted from vertical. Dkt. 034-6, pgs. 0004-0009; Dkt. 034-7, pgs. 0017-0019. Dkt. 54, pg. 14, SF 20.



The upper support structure (brown) and the support structure (grey) arguably pivot ***about*** <u>the skid steer loader vehicle</u>, as indicated above by the pivot point (yellow) and the double arrow (yellow). However, the Grapple (black) pivots ***about*** <u>the upper support structure</u> (brown), not the skid steer loader vehicle, as indicated above by the pivot point (red) and the double arrow (red). Dkt. 54, pg. 14, SF 22. Thus, the undisputed facts prove the Grapple (black) does not "pivot . . . ***about*** a skid steer loader vehicle."

    C.  **The Grapple / Upper Support Structure Combination Does Not "Pivot . . . *Via* Said Skid Steer Loader Vehicle."**

While the upper support structure (brown) may "pivot . . . ***via*** said skid steer loader vehicle," the undisputed facts prove the Grapple (black) does not.



Dkt. 057, pg. 29. The Grapple (black) is biased by gravity to swing freely to a substantially vertical position (Dkt. 034-6, pgs. 0004-0009; Dkt. 034-7, pgs. 0017-0019. Dkt. 54, pg. 14, SF 22) as indicated below by the pivot point (red) and the double arrow (red). The support structure may be pivoted by the hydraulic loader arms of the skid steer loader vehicle, but the Grapple is pivoted via gravity. *Id.*



Thus, the undisputed facts prove the Grapple does not "pivot . . . *via* a skid steer loader vehicle" as required by the claims.

D. **The Upper Support Structure Alone Is Insufficient for Infringement Because the Claims Require the "Loading Apparatus" to Perform the Functional Requirements.**

Halverson cannot prove infringement because the claims require the "loading apparatus" to perform the functions.

> said **loading apparatus** is rigidly mounted to said support structure **to pivot with said support structure about said skid steer loader vehicle via said skid steer loader vehicle**

Dkt. 034-1, 8:51-54. Halverson identifies the Grapple / upper support structure combination as the "loading apparatus," but fails prove infringement because the Grapple does not (1) "pivot *with* said support structure;" (2) "*about* said skid steer loader vehicle;" and (3) "*via* said skid steer loader vehicle." Arguably, the upper support structure satisfies these functional claim requirements, but the upper support structure alone is insufficient to prove infringement. "To establish literal infringement, every limitation set forth in a claim must be found in an accused product, exactly." *Duncan Parking*, 914 F.3d at 1360 (quoting *Southwall*, 54 F.3d at 1575); *Advanced Steel Recovery,* 808 F.3d at 1319 (no infringement because every claim limitation was not found exactly in accused product); *Contech Stormwater Solutions*, 310 Fed.Appx. at 408 (the accused device does not exactly infringe at least one claim element); *Mas-Hamilton Group*, 156 F.3d at 1211 (no literal infringement where one claim limitation not exactly met by the accused device). The claims require the "loading apparatus"—both the Grapple and the upper support structure—must (1) "pivot *with* said support structure;" (2) "*about* said skid steer loader vehicle;" and (3) "*via* said skid steer loader vehicle." See Dkt. 034-10, *St. Jude Medical, LLC v. Snyders Heart Valve LLC*, IPR2018-00106, Paper 58, *14-17 (PTAB May 2, 2019) ("plain reading of the

7

phrases ['convex upstream side' and 'concave downstream side'] also indicates that the entire sides, not just a portion, are "convex" or "concave"); Dkt. 034-11, *Smith & Nephew, Inc. v. Arthrex*, IPR2016-00819, Paper 8, *10-11 (PTAB October 4, 2016) ("elongated threaded body" means "a reference to the entire screw and not just a portion of the screw as proposed by Petitioner"); Dkt. 034-12, *Serta Simmons Bedding, LLC v. Casper Sleep Inc.*, 17-cv-7468 (SDNY January 25, 2018) ("body" means "the entirety of the mattress"); Dkt. 034-13, *Pacific Market Int'l, LLC v. Ignite USA, LLC*, IPR2016-01875, Paper 32, *6-8 (PTAB March 27, 2018) ("button member moveable in a first direction from a first position, . . . to a second position about the lid assembly" claim element "requires the entire button member to be moveable from a locked position to a different position"); Dkt. 034-14, *Zoll Medical Corp. v. Respironics, Inc.*, C.A. No. 12-1778-LPS, *5-7 (D. Del. April 29, 2016) ("wearable medical device" means "worn in its entirety by the patient as opposed to merely interfacing with the patient," wherein "[t]hese words do not suggest that the claimed device may be worn only 'in part.'") Thus, Halverson cannot prove infringement, as a matter of law, where the upper support structure of the "loading apparatus" arguably satisfies the claim requirements and the Grapple does not.

  E. **Infringement by the Upper Support Structure Alone Captures the Prior Art Halverson Disclaimed to Obtain the Patent.**

If the upper support structure alone infringes, then the claims recapture the prior art (U.S. 3,862,651 (*Heikkinen* 1975)) Halverson disclaimed to obtain the patent. Halverson arbitrarily draws an "interface" between the support structure (grey) and the upper support

8

structure (brown) to identify the Grapple / upper support structure combination as corresponding to the claimed "loading apparatus."



Dkt. 057, pg. 29. However, drawing a similar "interface" between the structures of U.S. 3,862,651 (*Heikkinen* 1975) identifies similar "loading apparatus" structures as with the Classified's Hammerhead SSP-180 firewood processor. U.S. 3,862,651 (*Heikkinen*) discloses a loading rack 12 comprising a pair of arms 20 and 21 that are adjustable and extendible to rest on the ground when the machine 10 is to be loaded with timbers. Loading rack 12 is pivotally mounted to frame 11 by a pair of pin joints 22 so that by application of pressure to hydraulic ram 24 the loading rack 12 is raised so the timbers on rack 12 can be slid onto bed 31. Ex. C, Fig. 1 (color added). SF16.

9



During prosecution of the '618 Patent, Halverson amended issued Claims 1 and 13 to further recite "wherein said loading apparatus is rigidly mounted to said support structure *to pivot with said support structure about said skid steer loader vehicle via said skid steer loader vehicle*." Ex. B, pg. 20 & 22 (emphasis added). SF17. Halverson argued, the "support frame 11" of Heikkinen corresponds to the claimed "support structure" and the loading rack 12" of Heikkinen corresponds to the claimed "loading apparatus." *See* SF18. To get the '618 Patent allowed, Halverson essentially drew its "interface" at the pin joints 22 between the loading rack 12 and the frame 11.

10



However, if the "interface" is drawn similar to the way Halverson is drawing it for the Classified Hammerhead SSP-180 firewood processor, then the *Heikkinen* firewood processor also has a Grapple (loading rack) / upper support structure combination that corresponds to the claimed "loading apparatus."



11

Where the upper support structure alone is sufficient to satisfy the functional requirements, the disclaimed prior art, U.S. 3,862,651 (*Heikkinen*), is improperly recaptured.



### III. CLAIM CONSTRUCTION IS NOT NEEDED TO DECIDE INFRINGEMENT OF "PIVOT WITH SAID SUPPORT STRUCTURE ABOUT SAID SKID STEER LOADER VEHICLE VIA SAID SKID STEER LOADER VEHICLE"

No party is requesting the Court to construe "pivot with said support structure about said skid steer loader vehicle via said skid steer loader vehicle." Further, the terms "loading apparatus" and "rigidly mounted" are irrelevant to whether the Classified SSP-180 Firewood Processor infringes because whatever structure is identified as the "loading apparatus," it must "pivot with said support structure about said skid steer loader vehicle via said skid steer loader vehicle." Thus, the Court need not construe any terms to decide this motion.

Halverson's demand for a claim construction hearing illuminates Halverson's motivation to prolong this case to further preclude Classified from competing in the firewood processor market. Halverson argues the Court must issue a "Claim Construction Hearing Order," under Paragraph (e)(6) of the Pretrial Scheduling Order (Dkt. 32, pg. 6),

12

and issue "a claim construction order" before Halverson can even analyze whether the Classified SSP-180 Firewood Processor infringes. Dkt. 57, pg. 11. However, even though Halverson completed claim construction discovery under Paragraphs (e)(3)-(5) of the Pretrial Scheduling Order (Dkt. 32, pgs. 4-6), Halverson has not identified a claim construction issue with "pivot with said support structure about said skid steer loader vehicle via said skid steer loader vehicle."

### A. The Court Need Not Construe "Pivot With Said Support Structure About Said Skid Steer Loader Vehicle Via Said Skid Steer Loader Vehicle" to Decide Infringement.

The requirement for the "loading apparatus" to "pivot with said support structure about said skid steer loader vehicle via said skid steer loader vehicle" plainly and ordinarily means what it says such that no claim construction is needed. Contrary to Halverson's arguments (Dkt. 057, pg. 14-15), evidence of how this claim language is understood by a person of skill in the art (POSITA) is not necessary. "[T]he ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in some cases involves little more than the application of the widely accepted meaning of commonly understood words." *Phillips v. AWH*, 415 F.3d 1303, 1314 (Fed. Cir. 2005). The plain and ordinary meaning of these functional claim terms is readily apparent and merely involves the application of the widely accepted meaning of commonly understood words.

Neither party proposed a construction during claim construction discovery under Paragraphs (e)(3)-(5) of the Pretrial Scheduling Order. Dkt. 32, pg. 4-6. In this motion for summary judgment, Classified is not requesting the Court to construe these limitations. In

its opening brief, Classified performed a claim construction analysis showing the plain and ordinary meaning is readily apparent and consistent with the claims, specification and file history. Dkt. 54, pgs. 18-25. In response to this motion, Halverson did not raise any claim construction issues with "pivot with said support structure about said skid steer loader vehicle via said skid steer loader vehicle." Rather, Halverson argues, "Classified concludes that the aforementioned 16-word phrase requires '[o]ne and only one pivot point [being] located where the entire 'firewood processor attachment' is attached to the skid steer loader vehicle." Dkt. 057, pg. 17. To be clear, Classified has not proposed a construction and is not requesting the Court construe these limitations. The court should apply the readily apparent plain and ordinary meaning of "pivot with said support structure about said skid steer loader vehicle via said skid steer loader vehicle" to its infringement analysis.

B. **Constructions of "Loading Apparatus" and "Rigidly Mounted" Do Not Change the Plain and Ordinary Meaning of "Pivot with Said Support Structure about Said Skid Steer Loader Vehicle Via Said Skid Steer Loader Vehicle."**

Halverson argues the Court should adopt its proposed constructions of "loading apparatus" and "rigidly mounted," but fails to show how those constructions have any relevance to the plain and ordinary meaning of "pivot with said support structure about said skid steer loader vehicle via said skid steer loader vehicle." Even if the Court adopts Halverson's proposed constructions, the plain and ordinary meaning still applies for "pivot with said support structure about said skid steer loader vehicle via said skid steer loader vehicle."

Regarding "loading apparatus," Halverson argues the term "loading apparatus" should be construed to mean "a set of materials or equipment for transferring logs from the ground to the wood processor." Dkt. 057, pg. 17. Halverson's construction of "loading apparatus," does not change the functional requirements.

> wherein said ***loading apparatus*** [a set of materials or equipment for transferring logs from the ground to the wood processor] is rigidly mounted to said support structure ***to pivot with said support structure about said skid steer loader vehicle via said skid steer loader vehicle***

Dkt. 1-1, 8:51-54. Halverson's construction of "loading apparatus" simply requires that "a set of materials or equipment" must "pivot with said support structure about said skid steer loader vehicle via said skid steer loader vehicle."

Regarding "rigidly mounted," Halverson argues "rigidly mounted" should be construed to mean that "the loading apparatus is inflexible or non-pivotal at the interface where the loading apparatus extends from the support structure." Dkt. 057, pg. 17. Applying Halverson's construction of "rigidly mounted" limits the way the loading apparatus is mounted to the support structure, but it does not change the functional requirements that the "loading apparatus" must satisfy.

> wherein said ***loading apparatus*** is rigidly mounted [the loading apparatus is inflexible or non-pivotal at the interface where the loading apparatus extends from the support structure] to said support structure ***to pivot with said support structure about said skid steer loader vehicle via said skid steer loader vehicle***

Dkt. 1-1, 8:51-54. Halverson's construction of "rigidly mounted" requires the interface between the loading apparatus and the support structure be inflexible or non-pivotal, which

15

does not change the requirement that the "loading apparatus" must also "pivot with said support structure about said skid steer loader vehicle via said skid steer loader vehicle."

Even if the Court adopts Halverson's proposed constructions for "loading apparatus" and "rigidly mounted," the plain and ordinary meaning remains unchanged for "pivot with said support structure about said skid steer loader vehicle via said skid steer loader vehicle." Thus, Halverson's proposed constructions of "loading apparatus" and "rigidly mounted" are irrelevant to the Court's analysis of whether the Classified SSP-180 Firewood Processor infringes "pivot with said support structure about said skid steer loader vehicle via said skid steer loader vehicle."

### IV. HALVERSON IDENTIFIES NO EXPERT WITNESS EVIDENCE NECESSARY TO DECIDE INFRINGEMENT OF "PIVOT WITH SAID SUPPORT STRUCTURE ABOUT SAID SKID STEER LOADER VEHICLE VIA SAID SKID STEER LOADER VEHICLE"

Halverson complains it "has not yet been able to obtain expert discovery to rebut Classified's assertion that only its Grapple could be considered the 'loading apparatus.'" Dkt. 057, pg. 31. However, such evidence is unnecessary because, this motion assumes Halverson's identification of both the Grapple and the upper support structure as corresponding to the claimed "loading apparatus." Notwithstanding, Halverson argues, "the information obtained from any potential expert may be necessary to properly perform an infringement analysis." Dkt. 057, pg. 13. Halverson has yet to even "consult with an expert witness for purposes of performing an infringement analysis" (Dkt. 057, pg. 13) allegedly because the Court has not issued a Claim Construction Order. However, a Claim Construction Order is not a prerequisite to Halverson engaging a consulting expert witness.

Most importantly, Halverson has identified no question of fact for which expert witness evidence is necessary for resolution of this motion.

Halverson knew the Court had discretion whether to conduct a claim construction hearing and issue a Claim Construction Order, but Halverson now blames the Court for its failure to identify an expert witness. The parties completed claim construction discovery and filed a Joint Patent Case Status Report and Joint Claim Construction Statement on April 12, 2021. Dkt. 046. In the report, Halverson requested a hearing, but Classified argued claim construction issues could be decided on written submissions. *Id*., pg. 2. The Court had discretion whether to conduct a claim construction hearing and issue a Claim Construction Order. Dkt. 032, pg. 6, ¶ (g)(6) ("If the Court schedules a claim construction hearing ..."). Halverson was required to identify experts "by the close of fact discovery." Dkt. 32, pg. 7, ¶ (g)(2)(A)(ii). The parties were required to "commence fact discovery procedures in time to be completed by **July 15, 2021**." Dkt. 32, pg. 3, ¶ (d)(2). However, Halverson allowed this deadline to expire without saying anything to the Court about a Claim Construction Order being necessary to identify an expert witness. Halverson was required to complete expert discovery "by **October 1, 2021**, or sixty (60) days after the Court issues the Claim Construction Order." Dkt. 32, pg. 8, ¶ (g)(2)(D). However, Halverson again allowed this deadline to expire without saying anything to the Court about a Claim Construction Order being necessary to identify an expert witness. Thus, Halverson only has itself to blame for not consulting an expert witness.

## V.     CONCLUSION

This motion was timely filed after completion of claim construction discovery and before the deadline for dispositive motions. Assuming both the Grapple and the upper support structure correspond to the claimed "loading apparatus," Halverson cannot prove the "loading apparatus" "pivot[s] *with* said support structure *about* said skid steer loader vehicle *via* said skid steer loader vehicle," as required by the claims. The Court should apply the readily apparent plain and ordinary meanings of these functional requirements. Halverson's proposed constructions of "loading apparatus" and "rigidly mounted" do not impact or change the plain and ordinary meanings. Expert witness testimony is not needed. Thus, the Court should grant Classified's motion for noninfringement.


OF COUNSEL:

/s/ R. William Beard, Jr.
R. William Beard, Jr.
SLAYDEN GRUBERT BEARD PLLC
401 Congress Ave.
Suite 1650
Austin, Texas 78701
(512) 402-3550
wbeard@sgbfirm.com

Dated: January 25, 2022

Joseph A. Uradnik (MN Atty. Reg. #0256249)
URADNIK LAW FIRM PC
P.O. Box 525
Grand Rapids, Minnesota 55744
(763) 432-5380
joe@iplawspot.com

*Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE

The undersigned hereby affirms this memorandum complies with the limits in LR 7.1(f) and with the type-size limit of LR 7.1(h). This reply has 3,414 words set in proportional font. The memorandum has 8,035 words set in proportional font. Thus, the briefs have a total of 11,449 words set in proportional font. Words were counted by the word-count function of Microsoft Word for Office 365 MSO, Version 1908, wherein the word-count function was applied specifically to include all text, including headings, footnotes, and quotations.

*/s/ R. William Beard, Jr.*
R. William Beard, Jr.
