### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

---

HALVERSON WOOD PRODUCTS, INC.,

                Plaintiff,

v.

CLASSIFIED SYSTEMS, LLC,

                Defendant.

Civil No. 20-801 (JRT/LIB)

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

Dustin R. DuFault, **DUFAULT LAW FIRM, P.C.**, PO Box 1219, Minnetonka, MN 55345, for Plaintiff.

Joseph Anthony Uradnik, **URADNIK LAW FIRM P.C.**, PO Box 525, Grand Rapids, MN 55744; and R. William Beard, Jr., **SLAYDEN GRUBERT BEARD PLLC**, 401 Congress Avenue, Suite 1650, Austin, TX 78701, for Defendant.

This is a patent infringement lawsuit brought by Plaintiff Halverson Wood Products, Inc. ("Halverson") against Defendant Classified Systems, LLC ("Classified"). Both parties manufacture and sell attachments for skid steer loaders. Halverson alleges that Classified's firewood processing attachment product, the SSP-180, literally infringes on Halverson's patent for a Wood Processor Attachment for Skid Steer Loader. After the Court construed five disputed terms— "loading apparatus," "rigidly mounted," "attached to," "conveying unit," and "conveying member"—Classified moved for summary judgment of non-infringement. Classified argues that Halverson's infringement

contentions fail as a matter of law because Halverson cannot show Classified's Hammerhead SSP-180 firewood processor has a loading apparatus that **exactly** pivots with the support structure about the skid steer loader vehicle via the skid steer loader vehicle. Halverson brings a cross motion for summary judgment for literal infringement of the asserted claims, no invalidity of the '618 patent, and dismissal of Classified's defenses and counterclaim. Because the Court finds that Classified literally infringes Halverson's valid patent, the Court will grant Halverson's motion for summary judgment, deny Classified's motion for summary judgment, and dismiss Classified's defenses and counterclaim.

## BACKGROUND

### I.   THE '618 PATENT

Halverson is a Minnesota corporation with its principal place of business in Pine River, Minnesota. (Compl. ¶ 1, Mar. 25, 2020, Docket No. 1.) Halverson manufactures and sells a patented wood processing attachment for skid steer loaders that is designed to efficiently cut and split logs. (Compl., Ex. A ("'618 Patent") at 2, Mar. 25, 2020, Docket No. 1-1.) Halverson is the owner by assignment of U.S. Patent No. 7,669,618 (the "'618 Patent"), titled "Wood Processor Attachment for Skid Steer Loader." (*Id*.) The '618 Patent, issued on March 2, 2010, relates to an automated wood processing system designed to cut logs into usable firewood. ('618 Patent at 2.) Halverson has consistently marked its products with the '618 Patent since its issuance. (*See* Compl., Ex. B ("Demand

Letter") at 2, Mar. 25, 2020, Docket No. 1-2.) The '618 Patent included the two following

illustrative diagrams of the patented attachment when attached to a skid-steer loader.



('618 Patent at 4, 6.)

Halverson asserts Claims 1, 5, 7–11, and 13–15 of the '618 Patent (the "Asserted

Claims"), wherein Claims 1 and 13 are independent claims and Claims 5, 7–11, 14, and 15

are dependent claims. (Pl.'s Mem. Supp. Mot. Summ. J. at 9, Nov. 23, 2022, Docket No.

80; 6th Decl. Dustin R. DuFault ("6th DuFault Decl."), Ex. 30, Nov. 23, 2022, Docket No. 81-

1.) Claim 1 of the '618 Patent claims:

> 1. A wood processor attachment for skid steer loader, comprising:
> a skid steer loader vehicle;
> a support structure **rigidly mounted** to said skid steer loader vehicle,
>    wherein said support structure is adapted to be pivoted by said skid
>    steer loader vehicle;
> wherein said support structure includes a receiving end, a working end
>    and a loading apparatus, wherein said receiving end is opposite
>    said working end and wherein said loading apparatus extends from
>    said receiving end;
> wherein said **loading apparatus** is **rigidly mounted** to said support
>    structure to pivot with said support structure about said skid steer
>    loader vehicle via said skid steer loader vehicle;

> a **conveyor unit** including a **conveying member,** wherein said **conveyor unit** is **attached to** said support structure and wherein said **conveying member** travels between said receiving end and said working end; and
>
> a cutting unit **attached to** said support structure, wherein said cutting unit is adjacent said working end.

('618 Patent at 13 (emphasis added).)

Claim 13 is similar to Claim 1, but with the following additional limitations:

> a lower support extending from said support structure;
>
> a ram slidably attached upon said lower support, wherein said ram is adjacent said working end; and
>
> a wedge **attached to** said lower support, wherein said wedge is adjacent said working end.

('618 Patent at 14.)

## II.   INFRINGEMENT

Classified, doing business as Hammerhead Attachments, is a Minnesota limited liability company based in Duluth, Minnesota.  (Compl. ¶ 2.)  Classified manufactures and sells firewood processing accessories for skid steers, including the Hammerhead SSP-180 Pro ("SSP-180"), a firewood processing attachment (the "accused product").  (Def.'s 1st Mot. Summ. J., Ex. F, Feb. 9, 2021, Docket No. 34-6.)  Classified offers the accused product for sale through its website.  (*Id.*)

On November 1, 2019, Halverson sent Classified a letter providing Classified with a copy of the '618 Patent and asserting that the SSP-180 infringes at least Claim 1 of the '618 Patent.  (Demand Letter at 2.)  The letter describes the aspects of the accused

product that correspond to the features listed in Claim 1 of the '618 Patent and includes

a labeled image of the SSP-180:

> [T]he **support structure (1)** has a receiving end for receiving a log and a working end for cutting and splitting the log. The Hammerhead SSP-180 also has a **loading apparatus (2)** for placement of a log on the processor, a **conveying member (3)** for movement of a log from the receiving end to the processing end for cutting and splitting, a **cutting unit (4)**, all within the scope of the corresponding claim elements of Claim 1.



> The **support structure** (**1**) of the Hammerhead SSP-180 is rigidly mounted to, and adapted to be pivoted by, a skid steer loader, and the **loading apparatus** (**2**) of the Hammerhead SSP-180 is, in turn, rigidly affixed to the **support structure** (**1**), which allows the **support structure** (**1**) **and loading apparatus** (**2**) to pivot in unison from an upright position in which a log is processed, as shown above in Figure 1, to a sloping position in which a log is received. . . .   In that regard, Hammerhead SSP-180 meets the two remaining limitations of Claim 1, namely that the support structure be 'rigidly mounted to said skid steer loader vehicle, wherein said support structure is adapted to be pivoted by said skid steer loader vehicle' and that the loading apparatus be 'rigidly mounted to said support structure to pivot with said support structure about said skid steer loader vehicle via said skid steer loader vehicle.'

(*Id.* at 3–4 (emphasis added); 6th DuFault Decl., Ex. 33 at 2, Nov. 23, 2022, Docket No. 81-

5.)  The accused product also includes a grapple, which it describes as a part of a system

that "loads, advances, and holds the log while being cut by the integrated hydraulic

chainsaw."  (Ex. 33 at 2; *see* 5th DuFault Decl., Ex. 28 ("Olsen Dep.") at 82:3–15, Nov. 8,

2022, Docket No. 77-2.)

The letter demanded that Classified "[i]mmediately discontinue the manufacture,

sale, use and/or importing of the Hammerhead SSP-180."  (Demand Letter at 4.)  In the

Complaint, Halverson alleges that Classified continues to offer the SSP-180 for sale on

their website, and therefore willfully infringes the '618 Patent by making, using, or selling

the accused product, without license or authority from the Halverson, and that the

accused product infringes at least one claim of the '618 Patent.  (Compl. ¶¶ 20, 24.)

## III.    PROCEDURAL HISTORY

Halverson filed a Complaint on March 25, 2020, bringing two counts: (I)

Infringement of U.S. Patent No. '618 under 35 U.S.C. § 271(a); and (II) Active Inducement

of Infringement of U.S. Patent No. '618 under 35 U.S.C. § 271(b).  (Compl. ¶¶ 19–30.)  On

May 18, 2020, Classified filed a Motion to pursuant to Fed. R. Civ. P. 12(b)(6), (Mot.

Dismiss, May 18, 2020, Docket No. 8.)  which the Court denied.  *See Halverson Wood*

*Prods., Inc. v. Classified Sys. LLC*, No. 20-801, 2020 WL 5947423, at *4 (D. Minn. Oct. 7,

2022).  Classified subsequently filed an Answer and Counterclaims against Halverson.

(Def.'s Answer & Countercl., Oct. 20, 2020, Docket No. 25.)

On February 9, 2021, Classified filed its First Motion for Summary Judgment based

on noninfringement.  (1st Mot. Summ. J., Feb. 9, 2021, Docket No. 34.)  The parties then

filed a Joint Patent Case Status Report including a joint claim construction table.  (Joint

Patent Case Status Report, Ex. A, Apr. 12, 2021, Docket No. 46-1.)  Halverson requested a

claim construction hearing, while Classified believed claim construction could be decided

through written submissions.  (Joint Patent Case Status Report at 1.)  The Court denied

Classified's Motion for Summary Judgment on July 19, 2021.  (Order Den. 1st Mot. Summ.

J., July 19, 2021, Docket No. 52.)  Following the Court's denial, Classified filed a Second

Motion for Summary Judgment arguing that its product does not infringe the '618 patent

as a matter of law.  (2nd Mot. Summ. J., Dec. 21, 2021, Docket No. 53.)    The Court

determined that a claim construction hearing was necessary to resolve the claim

construction disputes.  (Order, Apr. 19, 2022, Docket No. 61.)  After the hearing, the Court

construed the following five terms:

| Claim Terms | Court's Construction |
| --- | --- |
| Loading Apparatus | Equipment for transferring logs from the ground to the wood processor. |
| Rigidly Mounted | The loading apparatus is inflexible or nonpivotal where the loading apparatus extends from the support structure. |
| Attached To | Joined or connected so as to be supported by. |
| Conveyor Unit | Plain and ordinary meaning: Apparatus for transferring or transporting an object |
| Conveyor Member | Plain and ordinary meaning: forms part of apparatus for transferring or transporting an object |

(*See generally* Claim Construction Order, Sept. 26, 2022, Docket No. 71.)  The Court also

denied Classified's Second Motion for Summary Judgment as moot because its claim

construction affected Classified's argument.  (*Id.* at 17.)  The parties then filed cross

motions for summary judgment.  (Def.'s Mot. Summ. J., Oct. 18, 2022, Docket No. 72; Pl.'s

Mot. Summ. J., Nov. 23, 2022, Docket No. 79.)

## DISCUSSION

### I.   STANDARD OF REVIEW

"Summary judgment is appropriate in a patent case, as in other cases, when there

is no genuine issue as to any material fact and the moving party is entitled to judgment

as a matter of law."  *Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644, 646 (Fed. Cir.

1994).  A fact is material if it might affect the outcome of the suit, and a dispute is genuine

if the evidence is such that it could lead a reasonable jury to return a verdict for the

nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A court

considering a motion for summary judgment must view the facts in the light most

favorable to the nonmoving party and give that party the benefit of all reasonable

inferences to be drawn from those facts.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 587 (1986).  The nonmoving party may not rest on mere allegations or

denials but must show, through the presentation of admissible evidence, that specific

facts exist creating a genuine issue for trial.  *Anderson*, 477 U.S. at 256 (discussing Fed. R.

Civ. P. 56(e)).

A determination of patent infringement involves a two-step inquiry.  "The court

must first interpret the claims to determine their scope and meaning" and "then compare

the properly construed claims to the allegedly infringing device."  *Dynacore Holdings*

*Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1273 (Fed. Cir. 2004) (citations omitted).  The

comparison is only to the patent claims, not to any particular embodiment in the patent's

specification or to the patent holder's commercial embodiment.  *See Amgen, Inc. v.*

*Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1347 (Fed. Cir. 2003).  The patent holder

bears the burden of proving infringement by a preponderance of the

evidence.  *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 557–58

(2014).

The first step of this inquiry is a legal determination. The second step is primarily

factual, though to support a judgment of infringement the accused device must satisfy

every limitation in the Asserted Claims, either literally or under the doctrine of

equivalents. *Freedman Seating Co. v. American Seating Co.*, 420 F.3d 1350, 1356–57 (Fed.

Cir. 2005).  Summary judgment is proper for a literal infringement claim when a

"reasonable jury could find that every limitation recited in the properly construed claim

either is or is not found in the accused device."  *Bai v. L & L Wings*, 160 F.3d 1350, 1353

(Fed. Cir. 1998).

## II.   LITERAL INFRINGEMENT

The parties agree that there are no disputes as to any material facts and thus the

infringement issue is ripe for decision on summary judgment.  *See* Hearing Trans., Mar.

27, 2023, Docket No. 89.)  The Court will therefore consider whether a reasonable jury

could find that every limitation in the asserted claims of the '618 Patent are found in the Classified's SSP-180.

Literal infringement requires that the accused device literally embodies every limitation of the claim. *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 563 F.3d 1358, 1369 (Fed. Cir. 2009). Even one missing limitation negates literal infringement. *Mas-Hamilton Grp. v. LaGard, Inc.*, 156 F.3d 1206, 1211 (Fed. Cir. 1998). Put another way, "[l]iteral infringement of a claim exists when every limitation recited in the claim is found in the accused device, i.e., when the properly construed claim reads on the accused device exactly." *Cole v. Kimberly-Clark Corp.*, 102 F.3d 524, 532 (Fed. Cir. 1996).

Here, Halverson argues that Classified directly infringes upon Independent Claims 1 and 13, as well as Dependent Claims 7, 8, 10, 11, and 15.

### A. Claim 1

Claim 1 of the '618 Patent claims the following:

> 1. A wood processor attachment for skid steer loader, comprising:
> a skid steer loader vehicle;
> a support structure **rigidly mounted** to said skid steer loader vehicle, wherein said support structure is adapted to be pivoted by said skid steer loader vehicle;
> wherein said support structure includes a receiving end, a working end and a loading apparatus, wherein said receiving end is opposite said working end and wherein said loading apparatus extends from said receiving end;
> wherein said **loading apparatus** is **rigidly mounted** to said support structure to pivot with said support structure about said skid steer loader vehicle via said skid steer loader vehicle;
> a **conveyor unit** including a **conveying member,** wherein said **conveyor unit** is **attached to** said support structure and wherein said

**conveying member** travels between said receiving end and said working end; and

a cutting unit **attached to** said support structure, wherein said cutting unit is adjacent said working end.

('618 Patent at 13.)   The Court defined **"loading apparatus"** as "equipment for transferring logs from the ground to the wood processor." (Claim Construction Order at 7–9.)   The Court defined **"rigidly mounted"** to mean that "the loading apparatus is inflexible or nonpivotal where the loading apparatus extends from the structure." (*Id.* at 11.) The Court defined **"attached to"** as "joined or connected so as to be supported by." (*Id.*) Finally, the Court construed **"conveyor unit"** and **"conveyor member"** to have their plain and ordinary meanings.  (*Id.* at 17.)

Classified has conceded that the SSP-180's grapple forms part of the loading apparatus and that the loading apparatus is rigidly mounted to the support structure. (Hearing Trans. at 10–12.)  Classified does refute that the other elements of Claim 1 are met.  Thus, the only remaining dispute is whether the loading apparatus pivots **with** the support structure, **about** the skid steer loader vehicle, and **via** said skid steer loader vehicle (the "functional phrase").  Classified argues that because the SSP-180's grapple uses gravity to remain vertical regardless of how the skid steer loader and support structure move, the loading apparatus cannot and does not exactly pivot **with** the support structure **about** the skid steer loader vehicle, and **via** the skid steer loader vehicle.  As a result, Classified argues that there is no literal infringement.  (Hearing Trans. at 9; Def.'s Mem. Supp. Mot. Summ. J. at 30 Oct. 18. 2022, Docket No. 74.)

Comparing the SSP-180's and the '618 Patent's loading apparatus provisions, the Court finds that the accused product embodies the functional phrase.  The Court construed "loading apparatus" to mean equipment for transferring logs from the ground to the wood processor, and Classified has conceded that the grapple is part of the loading apparatus.   It is not dispositive, therefore, that the SSP-180's grapple is pulled vertical by gravity, because it is still part of the overall loading apparatus, which pivots exactly **with** the support structure, **about** the skid steer loader, and **via** the skid steer loader.  The claim limitation recites that the "**loading apparatus** is **rigidly mounted** to said support structure to pivot with said support structure about said skid steer loader vehicle via said skid steer loader vehicle."  The SSP-180's loading apparatus is made up of various equipment— including the grapple.  Because the loading apparatus, which includes the grapple, is rigidly mounted to the support structure, it is the loading apparatus—not the grapple— that must perform the functional phrase.

That the grapple itself does not pivot in the manner described in the '618 Patent is of no consequence, because the entire loading apparatus pivots in a manner that directly and literally infringes on the '618 Patent as construed.  The Court therefore finds that Classified engaged in literal infringement of Claim 1 of Halverson's '618 Patent.

**B. Claim 13**

Claim 13 mirrors Claim 1, with the addition of the following limitations:

a lower support extending from said support structure;

a ram slidably attached upon said lower support, wherein said ram is
adjacent said working end; and

a wedge **attached to** said lower support, wherein said wedge is
adjacent said working end.

('618 Patent at 14.)

Classified does not challenge any of these additional limitations.  Instead, Classified

only challenges the language in Claim 13 that is identical to that in Claim 1, which the

Court has already found unpersuasive.  Moreover, even if these additional limitations

were challenged, the Court finds that substantial evidence exists to prove the accused

product infringes Claim 13 as well. The accused product's photographs, published

nonprovisional patent application, and deposition testimony of the Classified's principal

reveal that the SSP-180 contains a lower support structure with a ram and wedge that is

placed according to the above limitations.  (*See* Ex. 33; Def.'s Mot. Summ. J., Ex. F, Feb. 9,

2021, Docket No. 34-6; Def.'s Mot. Summ. J., Ex. G, Feb. 9, 2021, Docket No. 34-7; 3rd

DuFault Decl., Ex. 10 ("Olsen Patent Application") at 3–4, 10–19, Jan. 11, 2022, Docket No.

58-2.)  As a result, Classified also literally infringes on Claim 13 of Halverson's '618 Patent.

**C. Dependent Claims**

Dependent claims incorporate all the features of an independent claim, but also

introduce additional limitations on the claim.  37 C.F.R. § 1.75(c)("One or more claims may

be presented in dependent form, referring back to and further limiting another claim or

claims in the same application.").  Here, Claims 5, 7, 8, 9, 10, 11, 14, and 15 are dependent claims that introduce additional limitations on either Claim 1 or Claim 13.[1]

Claim 7 of the '618 Patent is as follows: "The wood processor attachment for skid steer loader of Claim 1, wherein said cutter unit is comprised of a chain saw configuration."  ('618 Patent at 14.)  Claim 7 is plainly infringed because the SSP-180's cutting unit is a chainsaw.  (Ex. 33; Ex. G at 13.)

Claim 8 of the '618 Patent is as follows: "The wood processor attachment for skid steer loader of Claim 1, wherein said cutter unit is pivotally attached to said support structure."  ('618 Patent at 14.)  Claim 8 is infringed because the SSP-180's provisional patent application, as well as the photographs, show the chainsaw pivoting from its upright position to a 90-degree angle while cutting the log.  (Olsen Patent Application at 10, 15–16; Ex. F at 18–21.)  It is therefore "pivotally attached" and the limitation of Claim 8 is satisfied.

Claim 9's limitations align with that of Claim 13: both include a lower support extending from Claim 1's support structure, a ram slidably attached upon the lower support, and a wedge attached to the lower support.  ('618 Patent at 14.)  These are

---

[1] Halverson's memorandum fails to address dependent claims 5 and 14 and whether these claims were infringed.  The Court therefore finds that Halverson has forfeited any arguments of infringement for Claim 5 and Claim 14.  *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017) (explaining that forfeiture includes the inadvertent failure to raise an argument).

essentially the same limitations as in Claim 13.  For the same reasons outlined in Claim 13, Classified infringes on Claim 9 of the '618 Patent.  (Ex. 33; Ex. F; Ex. G; Olsen Patent Application at 3–4, 10–19.)

Claim 10 of the '618 Patent is as follows: "The wood processor attachment for skid steer loader of claim 9, wherein said wedge is aligned with said conveying member."  ('618 Patent at 14.)  A side-profile of the accused product's working embodiment demonstrates that the wedge is aligned with the conveying member in a straight line.  (Ex. G at 8.) Accordingly, Claim 10 is infringed.

Lastly, Claim 11 (which depends on Claim 9) and Claim 15 (which depends on Claim 13) each provide limitations for a first direction of travel of the conveying member being substantially similar to a second direction of travel of the ram. ('618 Patent at 14.)  A frontal view of the accused product's working embodiment shows that this is satisfied. The location of both the conveying member and ram demonstrate a similar direction of travel upon the apparatus, as shown by the movement of the log from the receiving end to the processing end for cutting and splitting.  (Ex. G. at 12; Olsen Patent Application at 15–16.)  Thus, their directions of travel are substantially similar.  This is further supported by the patent's description that the slide assembly—which qualifies as a "conveying member"—moves longitudinally along a track, while the push plate—which qualifies as a "ram"— slidably attaches upon the lower support, so it also moves longitudinally.  (Olsen Patent Application at 18.)

In sum, Halverson proved infringement of Claim 1 and Claim 13 in addition to dependent claims 5, 7, 8, 9, 10, 11, and 15. Thus, the Court will grant Halverson's motion for summary judgment as to literal infringement.

### III.   INVALIDITY: PRIOR ART

Classified asserts the '618 Patent is invalid based on prior art. It raises invalidity as both an affirmative defense and a counterclaim. "[A] patent is presumed valid, and this presumption exists at every stage of the litigation." *Sanofi-Synthelabo v. Apotex, Inc.*, 470 F.3d 1368, 1375 (Fed. Cir. 2006) (quotation and citation omitted). A defendant bears the burden of establishing patent invalidity by clear and convincing evidence. *See* 35 U.S.C. § 282(a) ("The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity."); *Amgen Inc. v. F. Hoffman-La Roche Ltd.*, 580 F.3d 1340, 1362 (Fed. Cir. 2009).

For a patent to be valid, it must be nonobvious. 35 U.S.C. § 103. This requires consideration of whether "the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date" to "a person having ordinary skill in the art" (a "POSITA"). *Id.* A court making this determination must consider the totality of the prior art. *Bristol-Myers Squibb Co. v. Teva Pharms. USA, Inc.*, 752 F.3d 967, 973 (Fed. Cir. 2014). "Obviousness is a question of law based on underlying facts." *Grp. One, Ltd. v. Hallmark Cards, Inc.*, 407 F.3d 1297, 1303 (Fed. Cir. 2005). The obviousness determination is centered on four

factual inquiries, known as the *Graham* factors: (1) the scope and content of prior art, (2) differences between claims and prior art, (3) the level of ordinary skill in pertinent art, and (4) secondary considerations such as commercial success and satisfaction of a long-felt need.  *Graham v. John Deere Co.,* 383 U.S. 1, 17–18 (1966); *Procter & Gamble Co. v. Teva Pharms. USA, Inc.*, 566 F.3d 989, 994 (Fed. Cir. 2009).

"[A] patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art."  *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418 (2007).  "Thus, a defendant asserting obviousness in view of a combination of references has the burden to show by clear and convincing evidence that a person of ordinary skill in the relevant field had reason to combine the elements in the manner claimed."  *Senju Pharm. Co. v. Lupin Ltd.*, 780 F.3d 1337, 1341 (Fed. Cir. 2015) (citing *KSR*, 550 U.S. at 418–19).  Additionally, "a defendant must also demonstrate that a person of ordinary skill would have a reasonable expectation of success in combining the elements." *Id.* (citing *PharmaStem Therapeutics, Inc. v. ViaCell, Inc.*, 491 F.3d 1342, 1360 (Fed. Cir. 2007)).

Here, Classified identifies 11 alleged prior art references that it argues, in combination, render the '618 Patent obvious.  It identifies these prior art references in its Prior Art Statement.  (6th DuFault Decl., Ex. 31 ("PAS"), Nov. 11, 2022, Docket No. 81-2.)  Classified claims that the prior art demonstrates that a POSITA would have been motivated to make 17 different combinations identified in its PAS.  (*See* 6th DuFault Decl.,

Ex. 31 at 1–2, Nov. 23, 2022, Docket No. 81-2.)  Classified compares two alleged prior art references: the *Heikkinen* 3,862,651 Patent concerning a firewood processor and the *Machkovech* 6,609,547 Patent concerning a skid steer loader vehicle.  (Def.'s Mem. Opp. Pl.'s Mot. Summ. J. ("Def.'s Opp. Mem.") at 7, Dec. 14, 2022, Docket No. 84; 6th DuFault Decl. ¶ 3–14, Exs. 34–42, Nov. 23, 2022, Docket No. 81.)  Classified asserts Halverson cannot show an absence of evidence for combination.  Classified also argues that a person of skill would have been motivated to combine these references because of "the mere fact that it would be easier to move and position the *Heikkinen* with a skid steer loader vehicle" and because *Machkovech* expressly discloses a wood processor mounted on a skid steer loader vehicle.  (Def.'s Opp. Mem. at 7–8.)[2]

Similar arguments are made for combining *Heikkinen* with the *Setlack et al* 6,763,864 Patent for a log splitter attachment, the *Stone* 7,066,223 Patent for a log splitting apparatus, the *Alexander* US2003/0155037 Patent for a skid steer log splitter attachment that splits wood lying on the ground.  (*See generally id.* at 7–16.)  On the combination of the *Heikkinen* and the *Lund* 6,267,547 Patent concerning a grapple assembly attachment for a skid steer, Classified argues that a POSITA would have been motivated to combine these references because the *Lund* expressly discloses a grapple mounted on a skid steer loader vehicle for loading logs.  (*Id.* at 9.)  Classified also asserts

---

[2] Classified first argued that the Hitachi Construction Machinery patent was a prior art reference but has seemingly abandoned that argument, as its memorandum puts forth no analysis about how this prior art makes the Asserted Claims obvious. The Court thus deems the claim forfeited.  *Barna*, 877 F.3d at 147.

other combinations in arguing for invalidity of the '618 Patent as obvious, including the *Smith* 4,269,242 Patent concerning a combination log cutter, splitter, and bundler with seven other prior art references, and the combination of the *Igland* prior art with three other alleged prior art references. (*Id.* at 14–18.)

The Court finds that Classified has failed to meet its burden to prove invalidity. To begin, Classified misapplies the burden of proof. Classified must prove invalidity. *See* 35 U.S.C. § 282(a) ("The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity."). Thus, it is not necessary for Halverson to demonstrate an "absence of evidence" to find the patent valid. Rather, it is Classified that must prove invalidity by clear and convincing evidence.

Second, despite the numerous references Classified identified as prior art, Classified has failed to explain which elements of the prior art references invalidate the '618 Patent, as was required by the Pretrial Order. (Pretrial Scheduling Order at 6–7, Dec. 14, 2020, Docket No. 32.) Indeed, Classified's PAS fails to provide an explanation of where in each of the references each element could be found. (*See generally* DuFault Decl., Exs. 31–33.) It is not apparent that Classified's descriptors and images provide any evidentiary support for its prior art assertions.

In addition, when making an obviousness determination, the Court must avoid hindsight analysis. *In re Ethicon, Inc.*, 844 F.3d 1344, 1349 (Fed. Cir. 2017) ("[T]he obviousness inquiry must guard against slipping into use of hindsight and . . . resist the

temptation to read into the prior art the teachings of the invention at issue.") (quoting *Graham*, 383 U.S. at 36).  Classified argues that "the mere fact that it would be easier to move and position the *Heikkinen* wood processor with a skid steer loader vehicle compared to a trailer provides ample evidence of 'design need or market pressure or other motivation.'"  (Def.'s Mem. Opp. Pl.'s Mot. Summ. J. at 8.)  However, this argument constitutes impermissible hindsight.  That previous inventions' main loading apparatus feature is **pivotally attached**, as in the *Heikkinen*, and the '618 Patent taught a **rigidly attached** one, does not necessarily establish obviousness.  In other words, the '618 Patent is not obvious just because an attached loading apparatus might be easier with a skid steer.

Classified's attempt to combine the *Heikkinen* and *Machkovech* references rests on the *Heikkinen* having a portable apparatus for processing wood and the *Machkovech* having a wood splitting attachment for a skid steer.  (Def.'s Mot for Summ. J., Ex. C at 1; 6th DuFault Decl., Ex. 38 at 2.)  But whereas *Heikkinen* taught a trailer-type apparatus that utilizes a loading rack that is **pivotally mounted to the support structure** to load timber, *Machkovech* taught a conventional log splitter support structure that **was attachable** to a skid steer and **already pivotal**.  (*See* Ex C at 3; Ex. 38 at 2.)  The combination of these would likely render the *Heikkinen*'s pivotal rack loading system superfluous: there would be no reason to utilize a pivotal support structure since the loading rack system is already pivotally mounted.  Hindsight knowledge of Halverson's **rigid mounted** loading apparatus

could motivate utilizing *Heikkinen*'s loading arms **as a rigid structure** used with a skid steer loader.  But hindsight does not render a claimed invention obvious.

What is more, the *Heikkinen* reference itself and the combination of the *Lund*, *Setlack, Alexander*, and the 7,066,223 *Stone* Patents all fail to teach one of the '618 Patent's key limitations: the **rigidly mounted** loading apparatus.  *Senju Pharm. Co.*, 780 F.3d at 1341 ("[A] defendant asserting obviousness in view of a combination of references has the burden to show . . . that a [POSITA] had reason to combine the elements in the manner claimed.").  This is also true for the *Smith* reference because it does not suggest any loading apparatus or support structure attachable to a skid steer having a rigidly mounted loading apparatus.

"[A] patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art."  *KSR*, 550 U.S. at 418.  Though Classified claims that the '618 Patent's elements were previously known, Classified fails to show that it was obvious to combine those elements.  The use of a skid steer in place of a trailer because of ease of use, or the motivation for combining references to use a pivotal rack loading system with a processor mounted on a skid steer to load logs, does not alone prove that the '618 Patent is obvious.  As part of the obviousness analysis, it is important to identify a reason that would have prompted a POSITA to combine the elements in the way the claimed invention does.  *KSR*, 550 U.S. at 418.  "This is so because inventions in most, if not all, instances rely upon building blocks

long since uncovered, and claimed discoveries almost of necessity will be combinations of what, in some sense, is already known." *Id.* at 418–19. Classified's assertions of "design need or market pressure" solely based on ease of use of a skid steer fails to provide clear and convincing evidence that a POSITA would make such element combinations of Classified's asserted prior art references. Classified has only provided a hindsight view that a skid steer is easier.

In sum, Classified has not met its burden of establishing invalidity by clear and convincing evidence. Instead, the evidence better supports the '618 Patent's validity, as the prior art references do not reference a rigidly mounted loading apparatus. Thus, the Court will grant Halverson's motion as to invalidity and dismiss Classified's affirmative defense and counterclaim.

## IV.   ESTOPPEL/WAIVER

Classified next argues that Halverson's claim for literal infringement is barred by estoppel and/or waiver. The applicability of equitable estoppel is "committed to the sound discretion of the trial judge." *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.,* 960 F.2d 1020, 1028 (Fed. Cir. 1992) (en banc), *abrogated on other grounds by SCA Hygiene Prod. Aktiebolag v. First Quality Baby Prods., LLC*, 580 U.S. 328 (2017). For equitable estoppel to bar a patentee's suit, it requires that (1) the patentee, through misleading conduct (or silence), leads the alleged infringer to reasonably infer that the patentee does not intend to enforce its patent against the alleged infringer; (2) the alleged infringer

relies on that conduct; and (3) the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its claim. *Radio Sys. Corp. v. Lalor*, 709 F.3d 1124, 1130 (Fed. Cir. 2013).

Halverson made Classified aware of the alleged infringement and its intent to enforce its patent in the demand letter on November 1, 2019. The letter describes the aspects of the accused product that correspond to the features listed in Claim 1 of the '618 Patent and demanded that Classified "[i]mmediately discontinue the manufacture, sale, use and/or importing of the Hammerhead SSP-180." (Compl. ¶ 14; Demand Letter at 2–4, 5.) Halverson then initiated this lawsuit because Classified continues to offer the SSP-180 for sale on their website, and therefore willfully infringes the '618 Patent by making, using, or selling the accused product. (*See generally* Compl.) Therefore, the doctrine of equitable estoppel is not applicable. The Court will grant Halverson's motion and dismiss Classified's affirmative defense of estoppel/waiver.

## V.   PROSECUTION HISTORY ESTOPPEL

Classified also argues that Halverson is estopped from asserting literal infringement based on the doctrine of prosecution history estoppel. Specifically, Classified asserts that during the U.S. Patent and Trademark Office prosecution of the patent, Halverson disclaimed loading rack arms that pivot **about** a support frame as in the *Heikkinen* firewood processor, a prior art identified during the prosecution of the '618 Patent. (Def.'s Mem. Supp. Mot. Summ. J. at 14.) Thus, because the accused product has

similar structures as *Heikkinen*, specifically a "grapple (loading arms) that pivots **about** an upper support structure (support frame)," the doctrine of prosecution history disclaimer "precludes Halverson from recapturing loading rack arms that pivot **about** a support frame." (*Id.* (emphasis in original).)

According to Halverson, however, *Heikkinen* taught a **pivotally** mounted "loading apparatus" while the '618 Patent claims a **rigidly** mounted one. (*Id.* at 22.) Halverson also asserts that the accused product is not actually similar to the *Heikkinen*. *Heikkinen* uses a trailer type vehicle that is **not** capable of pivoting the support frame, while the accused product uses a skid steer pivots. (*Id.*) Moreover, *Heikkinen*'s loading rack is powered by a hydraulic ram, while the accused product has a grapple biased by gravity. (*Id.* at 22–23.)

The doctrine of prosecution precludes patentees from recapturing through claim interpretation specific meanings disclaimed during prosecution. *See Schriber–Schroth Co. v. Cleveland Trust Co.,* 311 U.S. 211, 220–21 (1940) ("It is a rule of patent construction consistently observed that a claim in a patent as allowed must be read and interpreted with reference to claims that have been cancelled or rejected and the claims allowed cannot by construction be read to cover what was thus eliminated from the patent."). If a patent is limited during prosecution to overcome prior art, it cannot later be enforced to "recapture" that prior art.

Nothing in the record suggests that Halverson is attempting to impermissibly recapture that which was disclaimed during prosecution of the '618 Patent. It is clear that Halverson has distinguished its patent from the *Heikkinen.* The *Heikkinen* dealt with the use of a trailer type vehicle, while the '618 Patent deals with the use of a skid steer. *Heikkinen* dealt with a pivotally mounted loading apparatus, while the '618 Patent has a rigidly mounted loading apparatus. The '618 Patent was specifically amended during prosecution to define the invention as such. (*See* Def.'s 1st Mot. Summ. J., Ex. B ("'618 Prosecution History") at 28–29, Feb. 9, 2021, Docket No. 34-2.) Indeed, it is unclear what Classified is in fact arguing as Halverson's attempt at recapture. Classified seems to attempt to restructure its own product to align with the *Heikkinen* to somehow assert non-infringement. But Classified's product is not aligned with the *Heikkinen* and it infringes the '618 Patent. Thus, the Court finds that the doctrine of prosecution history estoppel is inapplicable here and will deny Classified's motion.

## VI.    DECLARATION OF EXCEPTIONAL CASE

Finally, Classified seeks a declaration of an exceptional case and attorney's fees. Classified asserts that Halverson has failed to show that the accused product's grapple pivots as expressed in the claim limitation and that such supports rendering that Halverson's claim for infringement "stands out" from all the others. Because Halverson

cannot prove that the grapple satisfies the claim requirements, Classified asserts that this case is "exceptional."

Section 285 of the Patent Act authorizes a district court to award attorney's fees in patent litigation.  It provides, in its entirety, that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285.  "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  Whether a case is "exceptional" depends on the totality of the circumstances in that individual case. *Id.*

There is no evidence that Halverson has litigated this case in an unreasonable manner, or that Halverson lacked a good faith motive in bringing the suit.  Moreover, Classified is not a prevailing party.  Thus, the Court will grant Halverson's motion as to this claim and dismiss Classified's counterclaim.

## CONCLUSION

In sum, the Court will grant Halverson's motion for summary judgment as to literal infringement and finds that Halverson has met its burden to prove infringement of Claim 1 and Claim 13 in addition to dependent claims 5, 7, 8, 9, 10, 11, and 15.  The Court also finds that Classified has failed to meet its burden to prove invalidity, the doctrines of

equitable estoppel and prosecution history estoppel are inapplicable, and there is no evidence to support a declaration of the case as exceptional.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment [Docket No. 79] is **GRANTED**, and Defendant's Motion for Summary Judgment [Docket No. 72] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  August 25, 2023
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge